WILLIAM H. YOUNG, plaintiff in error, *vs.* RAPHAEL J. MOSES, defendant in error.

1. Where the stockholders in a corporation, by resolution, ceased to do business, and directed that all its assets be placed in the hands of one of its officers, for the purpose of being converted into money for distribution amongst the stockholders after payment of its debts:

*Held,* that the corporation is a necessary party to a bill filed by one of the stockholders against the officer thus constituted an agent, for an account and settlement of such stockholder's interest.

2. Though the corporation may have no public place for doing business, and no one in office upon whom process may be served, a remedy for such a case is provided in section 3370 of the Code.

Corporations. Stockholders. Parties. Service. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

Moses filed his bill against Young, in which he alleged, in brief, that he was a stockholder in the Eagle Manufacturing Company; that the stockholders of said company, in the year 1865, by resolution, ceased to do business, and directed all of the assets to be converted into money for payment of debts and distribution; that the defendant was then the secretary of the company, and all of its assets, to the value of $400,000 00, were placed in his hands for the purposes aforesaid; that the Eagle Manufacturing Company has ceased to have any organization as a corporation, or any legal representative, or to do business of any kind whatever, its last corporate act being the transfer of its assets to the defendant; that he has ever since controlled said assets, individually, as trustee for the shareholders, disposing thereof without consultation with those interested, and distributing the same at such times and in such manner as he saw fit; that complainant has no other means of calling the defendant to account except as a *cestui que trust* entitled to share in the assets.

The bill then proceeded to enumerate the assets of the Eagle Manufacturing Company which went into the hands of the defendant, to charge various acts of maladministration of

the trust, and ends with a prayer for discovery as to the actions of the defendants, for a full accounting, for the appointment of a receiver, and for the writ of subpœna.

The defendant demurred to the bill for want of equity, and because the Eagle Manufacturing Company was not made a party defendant. The demurrer was overruled, and the defendant excepted.

PEABODY & BRANNON; INGRAM & CRAWFORD, for plaintiff in error.

R. J. MOSES, for defendant.

TRIPPE, Judge.

1. There are several facts appearing in the bill not given in the reporter's statement, showing that although the Eagle Manufacturing Company had ceased to do the business for which it was organized—in fact, by resolution had declared that all business was to cease except the collection and distribution of its assets among the corporators, still, for several corporate purposes it yet existed, and its authorities acted several years after the resolution of 1865 to go into liquidation was adopted. One was a meeting, and action taken by the stockholders not long prior to the filing of this bill. Another is, that in 1871, a certificate, whereby complainant became a stockholder, was issued to him, signed by the president and secretary. But besides this, a corporation does not cease to exist by the adoption of resolutions by the stockholders that it will do no more business. A dissolution requires more than a mere declaration: Abbott's Law of Corp., 289; Code secs. 1684, 1685; 39 *Georgia*, 574; 37 *Ibid.*, 410; 6 *Ibid.*, 130. There could not be a case in which there was a greater necessity that the corporation should be a party than this. The object of the bill is to ascertain and settle what is due complainant as a stockholder, after all its indebtedness was discharged or provided for. Each stockholder has an interest in this; and the whole body of them, as a corporation, is interested. That body is represented

by the officers, whose duty it is to protect the rights of each, by protecting the aggregate right of all. The assets are in the hands of an agent chosen by the corporation. He is responsible to it. What is in his hands cannot be reached by proceedings instituted and carried on against him individually or exclusively. Where the corporation is in existence it must be made a party: 8 Wallace, 64; 10 Pick., 125; 3 Paige, Ch., 222, 440; 12 Metcalf, 371.

2. Even though the corporation may have no public place for doing business, and no one in office upon whom service of process may be made, the complainant is not without a remedy. Section 3370 of the Code, recognizing the rule that the corporation must be a party, provides for service, which is as full and complete as if had upon the regular officers. We can see no reason why any departure from fixed rules is necessary in this case, and our opinion is that there was error in the holding of the chancellor on this question.

Judgment reversed.